UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEAN J. SCHWARTZER,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>CLARK COUNTY DISTRICT ATTORNEY ex rel. CLARK COUNTY, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:14-cv-00218-JAD-PAL<br><br>ORDER |

　　　　Before the court is the parties' Confidentiality Stipulation and Order (Dkt. #24), which the court approved, with the exception of a portion of paragraph three, to facilitate the exchange of certain categories of documents in discovery. Specifically, the proposed protective order relates to the Clark County personnel/human resources information and material contained in Plaintiff Jean J. Schwartzer's medical records. This order also reminds counsel that there is a presumption of public access to judicial files and records. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

　　　　A portion of paragraph three of the parties proposed stipulation was not approved and was deleted by the court. It contained language that the court found the Clark County personnel/human resources information and material contained in Plaintiff's medical records were confidential. The court has approved the parties' protective order to facilitate their discovery exchanges. However, the parties have not shown, and court has not found, that any specific documents are secret or confidential. The parties have not provided specific facts supported by affidavits or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information under Rule 26(c) or that disclosure would cause an identifiable and significant harm. The Ninth Circuit has held that

1

there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access.  *See Kamakana* 447 F.3d at 1179.  Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access.  *Id.* at 1180.

Additionally, the court has adopted electronic filing procedures, and with a few exceptions not applicable here, the Clerk of the Court no longer maintains paper records.  Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form.  The electronic record constitutes the official record of the court.  Attorneys must file documents under seal using the court's electronic filing procedures.  *See* LR 10-5(b).  That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures.  If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____."  All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

Accordingly,

**IT IS ORDERED:**

1. The provision of paragraph three that the court has found documents subject to the parties' stipulation are confidential is NOT APPROVED and is DENIED.
2. The parties shall comply with LR 10-5(b) and the Ninth Circuit's opinion in *Kamakana*, 447 F.3d 1172 (9th Cir. 2006), with respect to filing documents under seal.

Dated this 4th day of September, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2